UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHLOE LUCERO,

          Plaintiff,

   v.

UNITED STATES OF AMERICA,

          Defendant.

CASE NO. 2:21-cv-00683-RAJ-BAT

**ORDER**

This matter has been referred to the undersigned Magistrate Judge for all pre-trial proceedings. Presently pending before the Court are Plaintiff Chloe Lucero's second Application to Proceed *In Forma Pauperis* (Dkt. 7); Motion Requesting Writ of Corem Nobis and to Set Aside Order Dismissing Complaint (Dkt. 11); Motion to Appoint Special Master (Dkt. 12); Motion for Extension of Time to Complete Brief & Bill of Particulars (Dkt. 14); and "Motion to Join." Dkt 17. Within these various filings, Plaintiff also requests the appointment of counsel.

The Court **ORDERS** as follows:

1.     Plaintiff's IFP application (Dkt. 7) is **GRANTED**;

2.     Plaintiff's Motion Requesting Writ of Corem Nobis and Set Aside Order Dismissing Complaint (Dkt. 11) is **DENIED as moot** as the Court has already granted Plaintiff's motion to withdraw his motion to dismiss and reopened the case (*see* Dkt. 9).

3.     Plaintiff's Motion to Appoint Special Master (Dkt. 12) is **DENIED**. There is no legal basis for the appointment of a special master in this case at this time as Plaintiff has not yet filed a viable complaint and no party has been served.

ORDER - 1

4. Plaintiff's Motion to Join (Dkt. 17) is **DENIED as premature**.

5. Plaintiff's Motion for Counsel (Dkt. 1-3) is **DENIED**. There is generally no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The likelihood of success has not yet been determined because Plaintiff requests leave to file additional pleadings. Additionally, Plaintiff has filed extensive pleadings and thus has established the ability to articulate the claims presented.

Plaintiff should note the Court can entertain requests for appointment of counsel only as it relates to the claims presented in this lawsuit. The Court is not in a position to appoint counsel to represent Plaintiff in other cases or as to other matters arising in Plaintiff's life.

4. Plaintiff's Motion for an Extension of Time (Dkt. 14) is **GRANTED for the purpose of filing an Amended Complaint**. Plaintiff **shall file an Amended Complaint by no later than October 8, 2021**. Plaintiff's Amended Complaint shall contain a "short and plain statement of the claim showing that [Plaintiff] is entitled relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). Highly repetitious or confused allegations will be dismissed. Plaintiff is advised that the filing of an Amended Complaint will supersede all prior filings and the Court will review only the Amended Complaint (and any attachments) to determine whether Plaintiff's claim may move forward.

Plaintiff is further **ORDERED** to include in the Amended Complaint an explanation of why this case is properly filed in this District. The pleadings filed by Plaintiff to date in this matter indicate dealings in New Mexico, Oregon, and Canada but there are no allegations that any events giving rise to any claims occurred in the Western District of Washington. Moreover, Plaintiff resides in Eastern Washington and not in this District.

Plaintiff is further **ORDERED** to refrain from *ex parte* communications via telephone and voicemails to the Clerk of Court or to chambers.

DATED this 23rd day of September, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER - 3