UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHLOE LUCERO,<br><br>               Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | CASE NO. 2:21-cv-00683-RAJ-BAT<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

Before the Court is the proposed Complaint of Plaintiff Chloe Lucero. Dkt. 1-1. For the reasons stated herein, the Court dismisses the Complaint with prejudice.

PROCEDURAL BACKGROUND

On May 22, 2021, Plaintiff filed an application to proceed *in forma pauperis* and a proposed complaint. Dkt. 1. Shortly thereafter, Plaintiff filed a "request to disregard, not file, and destroy documents" and a motion to dismiss. Dkts. 4, 5. The Court granted the dismissal on June 3, 2021. The following day, Plaintiff withdrew her motion to dismiss,

ORDER DISMISSING COMPLAINT WITH
PREJUDICE - 1

which the Court allowed. Dkts. 8, 9.

Plaintiff then filed various motions (for writ of corem nobis, to set aside the order dismissing case, to appoint a special master, for an extension of time to complete a brief and bill of particulars, for the appointment of counsel, and for joinder). *See* Dkts. 11, 12, 14, 17. On September 23, 2021, the case was assigned to Magistrate Judge Brian Tsuchida for all pretrial proceedings. Judge Tsuchida denied Plaintiff's motions but granted Plaintiff additional time for the purpose of filing an amended complaint. *See* Dkt. 18. Plaintiff was ordered to file an amended complaint, by no later than October 8, 2021, which contained a "short and plain statement of the claim showing that [Plaintiff] is entitled relief" with simple, concise and direct allegations consistent with Fed. R. Civ. P. 8(a) and (d). *Id.* Because an amended complaint supersedes all prior filings, the Court advised Plaintiff that it would review only the Amended Complaint (and any attachments) to determine whether Plaintiff's claim could move forward. *Id.* In addition, the Court specifically directed Plaintiff to provide an explanation of why her case should be filed in this District because Plaintiff is a resident of Eastern Washington and alleged no factual occurrences within the Western District of Washington. Dkt. 8, p. 3.

On September 30, 2021, Plaintiff filed a second motion for the appointment of counsel (Dkt. 20), which Judge Tsuchida denied. Dkt. 21. At that time, the Court reminded Plaintiff that if she wished to proceed in this case, she should file an amended complaint no later than October 8, 2021. *Id.* Plaintiff has not filed an amended complaint as directed.

PLAINTIFF'S ALLEGATIONS

ORDER DISMISSING COMPLAINT WITH
PREJUDICE - 2

Plaintiff purports to sue the United States and entitles her Complaint as "Request for Review of Abuse of Administrative Discretion Under Administrative Procedures Act." Plaintiff requests a hearing to review decisions made in April and May of 2021 by the DOJ and DHS. Dkt. 1-1, p. 1. Attached to the Complaint in support are: (1) May 19, 2021 letter from the U.S. Department of Homeland Security in Washington, DC, denying Plaintiff's FOIA request and advising of Plaintiff's right to appeal the decision within ninety days to FOIA Appeals; (2) April 22, 2021 letter from the Department of Justice, Office of the Inspector General, in Washington, DC, advising Plaintiff that matters raised by her are outside of its investigative jurisdiction; and (3) April 8, 2021 letter from the U.S. Department of Justice, Civil Rights Division, in Washington DC, advising Plaintiff that no further action would be taken on her complaint.  Dkt. 1-1, Exhibits Q-C5, Q-D5, and Q-E5, respectively.

According to Plaintiff, these entities failed to review and release records regarding multiple sexual assaults by unidentified government officers, and refused to take criminal complaints regarding "beatings & sexual assaults by other parties, including repeated drugging with a hallucinogenic compound believed to be LSD; during the course of multiple and unwarranted 'enhanced interrogations,' / acts of torture over the course of 20 years, since Ms. Lucero was a minor child in state custody, arrested under color or law at the urging of United States Intelligence Community components, with the most recent acts of abuse having occurred in September 2020 by Officers of the Government of Canada pursuant to a lawful asylum request; at the urging of the U.S. Government." Dkt. 1-1, pp. 1-2. Plaintiff alleges that she has been slandered and that she suffered a stroke

ORDER DISMISSING COMPLAINT WITH
PREJUDICE - 3

"as a result of these acts." *Id.*, p. 2.

## DISCUSSION

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners .")

The court may also sua sponte dismiss a complaint for failure to comply with Rule 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir.2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir.1996) ("Something labeled a complaint but written ..., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981) ("A complaint which

ORDER DISMISSING COMPLAINT WITH
PREJUDICE - 4

fails to comply with [Rule 8] may be dismissed with prejudice[.]").

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir.2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). Nevertheless, a pro se plaintiff's claims may be dismissed where it appears beyond doubt that the plaintiff can prove no set of facts in support that would entitle him to relief. *Barrett v. Belleque*, 554 F.3d 1060, 1061 (9th Cir.2008).

Plaintiff was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(a), thus her Complaint is subject to screening. Upon review of Plaintiff's Complaint, the Court finds that it is confused, ambiguous, and nonsensical. Plaintiff does not clearly identify the causes of action she is asserting. Although Plaintiff claims to be alleging causes of action such as slander and abusive treatment by government officials, she entirely fails to support these claims with sufficient facts such that the Court may determine if a viable cause of action has been stated.

Plaintiff was provided with notice of the deficiencies of her complaint and given ample time to submit an amended complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987). However, Plaintiff failed to file an amended complaint. Because Plaintiff fails to clearly specify the legal theories upon which she relies and fails to make any substantive allegations concerning the particular conduct of the defendant, the Court concludes that it appears beyond doubt that the Plaintiff can prove no set of facts in support that would entitle her to relief.

ORDER DISMISSING COMPLAINT WITH
PREJUDICE - 5

*Barrett v. Belleque*, 554 F.3d 1060, 1061 (9th Cir.2008).

Accordingly, Plaintiff's Complaint is dismissed with prejudice. The Clerk is directed to close this case.

DATED this 12th day of October, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge